# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANGELA ZAPIEN, et al. | No. 1:14-cv-01264-SKO |
| Plaintiffs, | **ORDER DIRECTING CLERK OF COURT TO CLOSE CASE** |
| vs. |  |
| UNITED STATES POSTAL SERVICE, et al., |  |
| Defendants. |  |

On August 19, 2016, the parties filed a stipulation requesting that the present action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own costs, expenses, and attorney's fees.

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41 thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties

who have appeared, although an oral stipulation in open court will also suffice. *See Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Case law concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii) that is signed by all parties who have made an appearance, this case has terminated. Fed. R. Civ. P. 41(a)(1)(A)(ii).

Accordingly IT IS HEREBY ORDERED that the Clerk of the Court is to close this case.

IT IS SO ORDERED.

Dated:   **August 22, 2016**                            /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE